## IN THE COURT OF APPEALS OF IOWA

No. 20-0381
Filed April 29, 2020

**IN THE INTEREST OF G.G., D.G., M.G., P.G., and C.G.,**
**Minor Children,**

**F.G., Father,**
     Appellant.

_____

Appeal from the Iowa District Court for Clay County, Andrew Smith, District

Associate Judge.


A father appeals the termination of his parental rights.  **AFFIRMED.**



Shawna L. Ditsworth, Spirit Lake, for appellant father.

Thomas J. Miller, Attorney General, and Toby J. Gordon, Assistant Attorney

General, for appellee State.

Shannon Sandy of Sandy Law Firm, P.C., Spirit Lake, attorney and

guardian ad litem for minor children.



Considered by Bower, C.J., and Vaitheswaran and May, JJ.

**BOWER, Chief Judge.**

The father's parental rights to his five children were terminated based upon his sexual abuse of P.G.[1] and failure to engage in any services ordered by the juvenile court other than two supervised visits per month with some of his children. He now appeals the termination of his parental rights.[2]

The father does not dispute the existence of grounds for termination.[3] *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (noting that we need not address the grounds for termination if not challenged). Rather, he asserts the juvenile court erred in not transferring guardianship of the children to their paternal grandmother's custody.

The juvenile court has provided a detailed and thorough opinion and has addressed the request for a guardianship. The court wrote:

> A home study of [the grandmother's] home was not approved and there is no reason to believe an approval would result from any supplemental home study. The reports filed herein reflect serious behavioral concerns regarding these children, of which both [the father] and [the grandmother] are apparently oblivious. Those behaviors have resulted in separate placements for the children because of concerns regarding the exacerbation of those behaviors when they have been placed together in different permutations. There is no reason to believe placement of any one of the children with [the grandmother] would be in that child's best interests, much less placement of all five. To the contrary, [the grandmother's] lack of belief of [P.G.'s] allegations and the reports of mental health professionals and service providers support a conclusion that such placement would be to the detriment of these children. As placement

---

[1] The father was subsequently convicted of second-degree sexual abuse, lascivious acts with a child, and incest. He was sentenced to a term of incarceration not to exceed twenty-five years with a seventy percent mandatory minimum.

[2] The mother's parental rights were also terminated, and she does not appeal.

[3] The court terminated the father's parental rights to D.G., M.G., P.G., and C.G. pursuant to Iowa Code section 232.116(1)(e), (f), and (o) (2019), and terminated the father's parental rights to G.G. pursuant to section 232.116(1)(e), (h), and (o).

with [the grandmother] would be inappropriate, and no children are placed with any relative, no grounds exist to decline to terminate pursuant to Iowa Code section 232.116(3).

Upon our de novo review, *see In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014), we adopt the juvenile court's finding that a guardianship with the grandmother is not in the children's best interests. We find no reason to disturb the court's ruling terminating the father's parental rights. We therefore affirm in all respects without further opinion. *See* Iowa Ct. R. 21.26(1)(d), (e).

**AFFIRMED.**